Filed 3/16/15  P. v. Nunez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Calaveras)

----

| | |
|---|---|
| THE PEOPLE, | C075524 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 11F5319, 12F5548, 13F5756) |
| v. | |
| CARLOS BARBARO NUNEZ, JR., | |
| Defendant and Appellant. | |

Defendant Carlos Barbaro Nunez, Jr., appeals following his sentence to state prison under a plea agreement.  He contends that he was not awarded sufficient presentence custody credits and that the abstract of judgment needs correction.  The Attorney General agrees with both contentions.  We shall remand the matter for further proceedings.

1

FACTS AND PROCEEDINGS

In case No. 11F5319 (originally filed under a different case number), defendant was charged in May 2009 in Amador County with a single count of dissuading a witness from reporting a crime. (Pen. Code, § 136.1, subd. (b)(2); unless otherwise stated, statutory references that follow are to the Penal Code.) After he pleaded guilty in January 2010, the trial court sentenced him to five years' probation, including 90 days in jail and 90 days in an "alternative sentencing program" not explained in the record. In this matter, defendant, while an inmate in state prison, placed a phone call to Alissa Mathers at the direction of one Caviglia, advising Mathers on Caviglia's behalf to "know nothing alleged about a white stolen pickup truck."

In January 2011, the probation officer filed a petition to revoke defendant's probation because defendant had failed to provide proof of completion of 90 days (or attendance for any amount of time) in the alternative sentencing program. The record does not show any factual determination by the Amador County Superior Court on the truth of that allegation. In December 2011 jurisdiction was transferred to Calaveras County, where the case was assigned its present number.

In case No. 12F5548, an information filed in Calaveras County in August 2012 charged defendant with receiving stolen property (count 1; § 496d, subd. (a)), possessing a controlled substance (count 2; Health & Saf. Code, § 11377, subd. (a)), being under the influence of a controlled substance (count 3; Health & Saf. Code, § 11550, subd. (a)), possessing drug paraphernalia (count 4; Health & Saf. Code, § 11364.1, subd. (a)), driving while under the influence of alcohol or drugs (count 5; Veh. Code, § 23152, subd. (a)), and driving with a suspended or revoked license (count 6; Veh. Code, § 14601.1, subd. (a)). The information also alleged that defendant had suffered two prior convictions for driving under the influence and with a suspended or revoked license within 10 years of the charged offenses. Defendant pleaded not guilty and denied the

2

allegations.  In case No. 12F5548, defendant drove a stolen Jeep to a residence where sheriff's deputies were conducting surveillance; when they approached the residence, defendant threw an object away from him, which turned out to be a glass pipe with methamphetamine residue in the bowl; defendant was arrested for being under the influence of a controlled substance.

In case No. 13F5756, a complaint filed in February 2013 and deemed an information charged defendant with willful failure to appear while on bail.  (§ 1320.5.)  In September 2013, defendant pleaded not guilty.

In November 2013, defendant entered a plea of guilty on counts 1 and 5 in case No. 12F5548 and admitted his prior convictions.  He also pleaded guilty to failure to appear in case No. 13F5756.  Lastly, he admitted that his guilty plea in case No. 12F5548 proved he had violated probation in case No. 11F5319.  The plea agreement provided that defendant would receive an aggregate state prison sentence of two years eight months, and counts 3, 4, and 6 in case No. 12F5548 would be dismissed.  Although the plea agreement failed to mention count 2 in case No. 12F5548, the trial court orally dismissed that count at the change of plea hearing.  The court also dismissed the allegations of two prior convictions for DUI and driving without a valid license.

The trial court sentenced defendant as follows:  two years in state prison on count 1 in case No. 12F5548 with a concurrent 180-day jail term on count 5 in that case, plus eight months consecutive (one-third the middle term) on count 1 in case No. 11F5319, and a concurrent two-year term on count 1 in case No. 13F5756.  The court awarded defendant 165 days of presentence custody credit in case No. 12F5548 (83 actual days and 82 conduct days).  The court awarded defendant 160 days of presentence custody credit in case No. 13F5756 (80 actual days and 80 conduct days).  In case No. 11F5319, according to the sentencing minute order, the "original sentence of 180 days are [*sic*] attributed to case [No.] 12F5548."

Defendant filed a request that the trial court modify the award of credits in case No. 11F5319 to reflect that he had served 90 days in jail and 90 days in the alternative sentencing program. The trial court denied the request.

Defendant filed an ex parte motion for an amended abstract of judgment, asserting that he was entitled to 135 days of presentence custody credit under section 2900.5 and 45 days of conduct credit under section 4019 in case No. 11F5319. The trial court denied the motion.

DISCUSSION

I

*Credit for Time Served*

Defendant contends (1) he should receive credit for the time he served in custody as a condition of probation in case No. 11F5319, and (2) since the record does not make clear how many days he served, we should remand the matter for the trial court to make that determination and award the additional credits. The Attorney General agrees. So do we.

The trial court ruled that defendant was not entitled to additional credits as to case No. 11F5319 because the credits originally assessed in that case had been "attributed to case 12F5548." However, according to the probation report, defendant was originally sentenced to a term of 180 days in jail in case No. 11F5319; he was arrested on a bench warrant on August 21, 2013, and had remained in custody since that date, and "*[t]hose* custody credits have been attributed to case [No.] 12F5548." (Italics added.)

As the Attorney General points out, it would be improper to credit defendant's prior custody in case No. 11F5319 to case No. 12F5548, because "where a period of presentence custody stems from multiple, unrelated incidents of misconduct, such custody may not be credited against a subsequent formal term of incarceration if the prisoner has not shown that the conduct which underlies the term to be credited was also

4

a 'but for' cause of the earlier restraint." (*People v. Bruner* (1995) 9 Cal.4th 1178, 1193-1194.) The conduct underlying case No. 12F5548 is unrelated to that underlying case No. 11F5319.

A petition to revoke defendant's probation in case No. 11F5319, filed in Amador County before the case was transferred to Calaveras County, alleged that he had failed to prove completion of the time he spent in alternative sentencing, which was a condition of probation. But it does not appear that the trial court in either county ruled on that allegation. When defendant admitted a probation violation, the basis for the admission was his conviction in case No. 12F5548; the Amador County petition was not discussed. Therefore, the record does not show how much time, if any, defendant spent in alternative sentencing. It also does not show whether the alternative sentencing program was custodial for purposes of allocating credits under section 2900.5, subdivision (a).

For all the above reasons, we must remand the matter to the trial court with directions to determine the amount of time defendant spent in custody within the meaning of section 2900.5 as to case No. 11F5319 before the Amador County petition to revoke probation was filed, and to award any additional credits to which defendant may be entitled for that time in custody.

## II

### *The Abstract of Judgment*

Defendant contends the abstract of judgment must be corrected to show that the charge of which he was convicted in case No. 13F5756, was a violation of section 1320.5, not of section 1302.5, as the abstract shows. The Attorney General agrees, and, again, so do we. On remand, the trial court is directed to order the preparation of a corrected abstract of judgment.

5

DISPOSITION

Defendant's convictions are affirmed.  The matter is remanded to the trial court with directions to determine how many additional days of presentence custody credit, if any, defendant is entitled to as to case No. 11F5319, and to recalculate defendant's total award of credits accordingly.  The court is also directed to order the preparation of a new abstract of judgment pursuant to parts I and II of the Discussion and to forward a certified copy of the new abstract to the Department of Corrections and Rehabilitation.


      HULL      , Acting P. J.


We concur:


     MAURO     , J.


     DUARTE     , J.

6